IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MARK STEVEN LOWERY                                                  PLAINTIFF

v.                     Civil No. 06-4045

H.L. PHILLIPS, Sheriff, Miller
County, Arkansas; RICKY HUNTER,
Ex-Warden, Miller County Detention
Center; and MIKE GRIFFIN, Warden,
Miller County Detention Center                          DEFENDANTS

## ORDER

On September 19, 2006, a motion to file an answer out of time was filed on behalf of Sheriff H.L. Phillips and Mike Griffin (Doc. 14). Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, the court may enlarge the time provided by the rules to, among other things, answer a complaint. If the time provided in the applicable rule, here the 20 days set forth in Rule 12(a)(1)(A) of the Federal of Civil Procedure, has expired, the court may extend the time allowed "where the failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b). In other words, the court has the authority to allow late filings when the moving party demonstrates excusable neglect.

In their motion to file an answer out of time, Sheriff Phillips and Mike Griffin indicate that through administrative oversight they failed to notify legal counsel that they had been served with the complaint. By the time the error was discovered and the complaint sent to counsel, the time to answer had expired.

The excusable neglect standard was recently discussed in the case of *Welch & Forbes, Inc. v. Cendant Corp.*(*In re Cendant Corp. Prides Litigation*), 233 F.3d 188, 196 (3d Cir. 2000). The court said:

In *Pioneer Inv. Servs. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380, 113

S. Ct. 1489, 123 L. Ed. 2d 74 (1993), the Supreme Court held that the rule authorizing courts to accept late filings where the failure of a party to act is the result of "excusable neglect" contemplates that courts are permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond a party's control. At the outset, the Supreme Court pronounced that the inquiry is essentially equitable, and necessitates considering a situation's totality:

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.

*Welch*, 233 F.3d at 196 (*quoting Pioneer*, 507 U.S. at 395).

The court is afforded great leeway in granting or refusing enlargements of time under Rule 6. *See e.g., Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 584 (1st Cir. 1994). We believe Sheriff Phillips and Mike Griffin have demonstrated excusable neglect. Accordingly, the motion to file an answer out of time is granted. Defendants are given until the **close of business on October 10, 2006,** to file their answer.

IT IS SO ORDERED this 2nd day of October 2006.

/s/ Bobby E. Shepherd
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)